1
2
3
4
5
6
7

8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RICHARD JOHNSON,                        No.  2:19–cv–1773–CKD

12                 Plaintiff,                  PRETRIAL SCHEDULING ORDER

13           v.

14    HOLY DIVER SACRAMENTO, LLC,
      and IRISH FIVE LLC,
15

16                 Defendants.

17

18          READ THIS ORDER CAREFULLY.  IT CONTAINS IMPORTANT DATES THAT

19    THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND

20    PARTIES MUST COMPLY.  FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER

21    MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER APPROPRIATE

22    SANCTIONS, INCLUDING DISMISSAL OR AN ORDER OF JUDGMENT.

23          On October 21, 2020, the Court conducted a status (pretrial scheduling) conference in this

24    matter.[1]  At the status conference, attorney Khushpreet Mehton appeared on behalf of Plaintiff

25    Richard Johnson, and attorney Richard Morin appeared on behalf of Defendants Holy Diver

26

27          [1] After all parties consented to the jurisdiction of a United States Magistrate Judge for all
      purposes pursuant to 28 U.S.C. § 636(c), the action was reassigned to the undersigned for all
28    further proceedings and entry of final judgment.  (ECF Nos. 4, 9.)

Sacramento, LLC, and Irish Five LLC.  After considering the parties' joint status report (ECF No. 17) and the parties' representations at the status conference, the Court issues the following pretrial scheduling order.

JOINDER OF PARTIES/AMENDMENT OF PLEADINGS

All named Defendants have answered Plaintiff's complaint.  No further joinder of parties or amendments to pleadings are permitted except with leave of Court, good cause having been shown.

JURISDICTION/VENUE

Jurisdiction and venue are undisputed, and are hereby found to be proper.

INITIAL DISCLOSURES

To the extent that the parties have not already done so, the parties shall exchange initial disclosures no later than **November 4, 2020**.  Such disclosures shall include production of any documents and other items required by Rule 26(a)(1)(A)(ii) that are within a party's possession, custody, or control.

DISCOVERY DEADLINES, PROCEDURES FOR DISCOVERY DISPUTES

All non-expert discovery shall be completed[2] by **August 27, 2021**.  Any discovery-related motions must conform to the requirements of the Federal Rules of Civil Procedure and this Court's Local Rules, including Local Rule 251.  Judge Delaney generally hears civil motions on Wednesdays at 10:00 a.m.

Prior to filing any discovery-related motions, the parties are required to meet and confer in good faith in an attempt to resolve their discovery disputes informally and without court intervention.  Such meet and confer shall take place in person, or at a minimum, via a telephonic conference.  The mere exchange of letters or e-mails alone is not sufficient.  As part of their joint statement related to a discovery motion submitted pursuant to Local Rule 251, the parties shall also specifically outline: (a) what meet-and-confer efforts were undertaken; (b) when and where

---

[2] "Completed" means (1) all discovery shall have been conducted so that all depositions have been taken and (2) any disputes related to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with.

1   such discussions took place; (c) who was present; and (d) how the parties' disputes were

2   narrowed as a result of such discussions.  Failure to comply with these requirements may result in

3   summary denial of any discovery motion.

4        The Court strongly encourages the use of informal telephonic discovery conferences with

5   the Court in lieu of formal discovery motion practice.  The procedures and conditions for

6   requesting and conducting such an informal telephonic discovery conference are outlined in

7   Judge Delaney's "Order re Informal Telephonic Conferences re Discovery Disputes," posted on

8   the Court's website at http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/5055/.

9   Additionally, subject to the Court's availability, the Court will also rule on disputes encountered

10  at oral depositions, so as to avoid such depositions from breaking down.  In the course of the

11  deposition, the parties may contact Judge Delaney's courtroom deputy clerk at (916) 930-4004 to

12  inquire regarding Judge Delaney's availability.  However, the parties are cautioned that these

13  informal procedures are not to be abused, and the Court may impose appropriate sanctions on an

14  offending party or parties, even in the course of informal discovery conferences.

15               EXPERT DISCLOSURES AND DISCOVERY

16       The parties shall disclose any expert witnesses in accordance with the specifications of

17  Federal Rule of Civil Procedure 26(a)(2) no later than **September 24, 2021**.  Expert disclosures

18  shall be filed with the Court and served upon all other parties.  All expert discovery shall be

19  completed (see n.2) by **November 26, 2021**.  The same procedures for fact-discovery disputes

20  applies to expert-discovery disputes.

21       An expert witness not timely disclosed will not be permitted to testify unless the party

22  offering the witness demonstrates that: (a) the necessity of the witness could not have been

23  reasonably anticipated at the time that the expert disclosures were due; (b) the Court and opposing

24  counsel were promptly notified upon discovery of the witness; and (c) the witness was promptly

25  proffered for deposition.  Failure to provide the information required by Federal Rule of Civil

26  Procedure 26(a)(2) along with the expert disclosures may lead to preclusion of the expert's

27  testimony or other appropriate sanctions.

28  ///

1    LAW AND MOTION

2        All law and motion, except as to discovery-related matters, shall be completed (i.e. heard)

3    by **January 10, 2022**.  Counsel and/or parties proceeding without counsel are cautioned to refer

4    to the Local Rules regarding the requirements for noticing such motions on the Court's regularly

5    scheduled law and motion calendar, including, but not limited to, Local Rule 230.  Judge Delaney

6    generally hears civil motions on Wednesdays at 10:00 a.m.  This paragraph does not preclude

7    motions for continuances, motions in limine related to trial, temporary restraining orders, or other

8    emergency applications, for which the Court may set a special briefing schedule, if necessary or

9    appropriate.

10        ALL PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY PRETRIAL

11    MOTION.  The purpose of law and motion is to narrow and refine the legal issues raised by the

12    case, as well as to dispose of those issues that are susceptible to resolution without trial by pretrial

13    motion.  To accomplish that purpose, the parties need to identify and fully research the issues

14    presented by the case, then examine those issues in light of the evidence obtained through

15    discovery.  If it appears to counsel after examining the legal issues and facts that an issue can be

16    resolved by pretrial motion, counsel are to file the appropriate motion consistent with the law and

17    motion cutoff set forth above.  Conversely, motions in limine are procedural devices designed to

18    address the admissibility of evidence.  THE COURT WILL LOOK WITH DISFAVOR UPON

19    SUBSTANTIVE MOTIONS PRESENTED UNDER THE GUISE OF MOTIONS IN LIMINE

20    AT THE TIME OF TRIAL.

21    FINAL PRETRIAL CONFERENCE/TRIAL SETTING

22        All parties request a jury trial.  The undersigned declines to set final pretrial conference

23    and trial dates at this juncture.  Instead, the Court orders the parties to submit a Notice of Trial

24    Readiness on one of the following timelines:

25        A.  After resolution of any pending dispositive motions, the parties are to submit the

26            Notice not later than thirty (30) days after receiving the ruling(s) on the last-filed

27            dispositive motion(s); or

28        B.  If the parties do not intend to file dispositive motions, the parties are ordered to file the

4

1         Notice not later than one hundred twenty (120) days after the close of discovery and

2         the notice must include statements of intent to forgo the filing of dispositive motions.

3 In the Notice of Trial Readiness, the parties are to set forth the appropriateness of special

4 procedures, their estimated trial length, any request for a jury, their availability for trial, and if the

5 parties are willing to attend a settlement conference.  The Notice shall also estimate how many

6 court days each party will require to present its case, including opening statements and closing

7 arguments. The parties' estimate shall include time necessary for jury selection, time necessary to

8 finalize jury instructions and instruct the jury. After review of the parties' Joint Notice of Trial

9 Readiness, the court will issue an order that sets forth dates for a final pretrial conference and

10 trial.

11       OBJECTIONS

12         Any objections to this pretrial scheduling order shall be filed within seven (7) days.

13       SETTLEMENT CONFERENCE

14         The parties agree to a settlement conference before a magistrate judge once the parties

15 have conducted some discovery.  To arrange a settlement conference, the parties are to contact

16 Judge Delaney's courtroom deputy clerk to inquire as to the availability of Judge Delaney or

17 another magistrate judge.

18       MODIFICATION OF THIS SCHEDULING ORDER

19         The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(b)(4), this

20 order shall not be modified except by leave of court upon a showing of "good cause."  See

21 Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).  Mere agreement by the

22 parties pursuant to a stipulation does not constitute good cause.  Nor does the unavailability of

23 witnesses or counsel, except in extraordinary circumstances, constitute good cause.

24 Dated:  October 22, 2020

25 _____

26 CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

27 19, holy.1773

28

5